UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | : | |
|---|---|---|
| ROBERT KING, | : | |
|     Plaintiff, | : | CASE NO. 3:17-cv-1741 (MPS) |
| | : | |
|     v. | : | |
| | : | |
| GATES, et al., | : | |
|     Defendants. | : | NOVEMBER 16, 2017 |
| | : | |

**INITIAL REVIEW ORDER**

Plaintiff Robert King, currently incarcerated at the Cheshire Correctional Institution in Cheshire, Connecticut, filed this case *pro se* under 42 U.S.C. § 1983 asserting claims for use of excessive force. The plaintiff apparently intends to sue as many eight defendants: Captain Lewis, Lieutenant Rangel, and Correctional Officers Gates, Reynoso, Noyce, Simmons, Russo, and Lukasiewski. As the plaintiff seeks only damages from each defendant, the Court considers the defendants to be named in their individual capacities only. The complaint was received by the Court on October 16, 2017. The plaintiff's motion to proceed *in forma pauperis* was granted on November 15, 2017. (ECF No. 9.)

The Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. In reviewing a *pro se* complaint, the Court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]."

*Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a plausible right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Nevertheless, it is well-established that "[*p*]*ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

I.   Allegations

On April 5, 2017, the plaintiff was being strip searched at the Corrigan-Radgowski Correctional Center. Officer Lukasiewski told the plaintiff to remove his shoes and slide them back. He did so. Defendant Lukasiewski then instructed the plaintiff to turn around and pick up his shoes and then turn back and face the wall. Again, the plaintiff complied with the order.

While the plaintiff was facing the wall, defendants Gates and Reynoso grabbed his arms and tripped him, causing the plaintiff to fall to the floor. Captain Lewis and defendant Rangel sprayed the plaintiff with a chemical agent while he was on the floor in a prone position. Correctional Officers then began punching and kicking the plaintiff and stomping on his head. The plaintiff began screaming. The incident was recorded on a hand-held video camera.

As a result of the incident, the plaintiff had an open cut over his right eye and a dent in

his skull. He experiences chronic headaches and loses consciousness if he strains himself, as happens during strength training.

II.     Analysis

The use of excessive force against a prisoner can constitute cruel and unusual punishment in violation of the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 4 (1992); *accord Wilkins v. Gaddy*, 559 U.S. 34, 34, 36 (2010) (per curiam). The "core judicial inquiry" is not "whether a certain quantum of injury was sustained but rather whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins*, 559 U.S. at 37 (quoting *Hudson*, 503 U.S. at 7).

The plaintiff alleges that defendants Gates, Reynoso, Rangel, Lewis, and Lukasiewski were involved in the use of force. The allegations in the complaint are sufficient to state plausible claims against these five defendants. The plaintiff does not, however, mention Correctional Officers Simmons, Russo, and Noyce in his factual allegations. Absent some allegation that these defendants were present there is no factual basis for a claim against them. Any claims against defendants Simmons, Russo, and Noyce are dismissed without prejudice. The plaintiff may file an amended complaint if he can allege facts showing that defendants Russo, Simmons, and Noyce participated in the use for force or failed to intervene in the use of force by others.

The plaintiff also alleges that, while at Corrigan-Radgowski Correctional Center, he complained to medical staff about headaches and was given no medication. As there are no medical staff members named as defendants in this case, the Court does not consider this case to include a claim for deliberate indifference to medical needs.

III.　Conclusion

The Court enters the following orders:

(1)　Any claims against defendants Russo, Simmons, and Noyce are **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b)(1). The plaintiff may file an amended complaint to assert claims against these defendants if he can allege facts showing that defendants Simmons, Russo, and Noyce participated in the use for force or failed to intervene in the use of force by others.

(2)　**The Clerk shall** verify the current work addresses for defendants Lewis, Lukasiewski, Gates, Reynoso and Rangel with the Department of Correction Office of Legal Affairs, mail waiver of service of process request packets containing the Complaint to each defendant at the confirmed address within **twenty-one (21) days** of this Order, and report to the court on the status of the waiver request on the thirty-fifth (35) day after mailing. If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshal Service on him in individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3)　**The Clerk shall** send written notice to the plaintiff of the status of this action, along with a copy of this Order.

(4)　**The Clerk shall** send a courtesy copy of the Complaint and this Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(5)　The defendants shall file their response to the complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the waiver forms are sent. If they choose

to file an answer, they shall admit or deny the allegations and respond to the cognizable claim recited above. They also may include any and all additional defenses permitted by the Federal Rules.

(6) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order. Discovery requests need not be filed with the court.

(7) All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(8) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(9) If the plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that the plaintiff MUST notify the court. Failure to do so can result in the dismissal of the case. The plaintiff must give notice of a new address even if he is incarcerated. The plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If the plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address. The plaintiff should also notify the defendant or the attorney for the defendant of his new address.

(10) The plaintiff shall utilize the Prisoner Efiling Program when filing documents with the court.

**SO ORDERED** this 16th day of November 2017 at Hartford, Connecticut.

/s/
Michael P. Shea
United States District Judge