UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

ROBERT KING,                          :
          Plaintiff,                  :        CASE NO. 3:17-cv-1741 (MPS)
                                      :
     v.                               :
                                      :
GATES, et al.,                        :
          Defendants.                 :        OCTOBER 12, 2018

_____

## RULING ON PLAINTIFF'S MOTIONS TO SUBPOENA [ECF No. 33]
## AND FOR APPOINTMENT OF COUNSEL [ECF No. 38]

Plaintiff, Robert King, formerly incarcerated, brings this action asserting claims for use of

excessive force.  He has filed motions asking the Court to subpoena video footage and color

photographs and seeking appointment of counsel.

The plaintiff states that he seeks Court assistance because he has been unable to view the video

footage and color photographs of the April 5, 2017 incident, and defendants' counsel has not responded

to his letters.   In opposition, the defendants state that the plaintiff viewed the video footage on August

15, 2018.  Counsel states that she did not receive the plaintiff's interrogatories until August 13, 2018, so

her responses were not yet due when she filed the opposition.  In light of the fact that the plaintiff has

been able to view the video footage and has not indicated that the discovery responses were not timely

served, this motion is denied.

The plaintiff also seeks appointment of counsel.  He states that he can only communicate with

defendants' counsel by letter and, as Inmates' Legal Aid Program attorneys cannot represent him,

counsel has no obligation to respond to inquiries from the Inmates' Legal Aid Program attorney assisting him. The plaintiff also states that there is a "high likelihood of success, as there is compelling video evidence" supporting his claim.

The Second Circuit repeatedly has cautioned the district courts against the routine appointment of counsel. *See, e.g., Ferrelli v. River Manor Health Care Center*, 323 F.3d 196, 204 (2d Cir. 2003); *Hendricks v. Coughlin*, 114 F.3d 390, 393 (2d Cir. 1997). The Second Circuit also has made clear that before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel. *Saviano v. Local 32B-32J*, 75 F. App'x 58, 59 (2d Cir. 2003) (quoting *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 173 (2d Cir. 1989)).

The plaintiff is receiving assistance from an attorney at Inmates' Legal Aid Program. Although the attorney states in this motion that he cannot represent the plaintiff and, therefore, defendants' counsel is under no obligation to respond to him regarding discovery issues, the attorney is not precluded from assisting the plaintiff in drafting discovery requests or motions to compel responses. The plaintiff also states that he is restricted to contacting defendants' counsel by mail. Although that may have been true while the plaintiff was incarcerated, he has been released to a half-way house. *See* ECF No. 37 (Notice of Change of Address). The Court cannot discern why the plaintiff would be unable to contact defendants' counsel by phone. The Court concludes that the plaintiff has not shown that the legal assistance available from Inmates' Legal Aid Program is insufficient at this stage of litigation.

In addition, the Second Circuit has cautioned the district courts against the "routine appointment of counsel" and reiterated the importance of requiring an indigent to "pass the test of likely merit." *Cooper*, 877 F. 2d at 173-74. The court explained that "even where the claim is not frivolous, counsel is

often unwarranted where the indigent's chances of success are extremely slim." *Id.* at 171. The current record, consisting of the Complaint and Answer, is insufficient to determine whether the plaintiff's claims possess likely merit. Although the plaintiff represents that he has compelling evidence supporting his claim, that fact is not evidence from the current records. Thus, appointment of counsel is premature.

The plaintiff's motion to subpoena [**ECF No. 33**] is **DENIED** and his motion for appointment of counsel [**ECF No. 38**] is **DENIED** without prejudice to refiling at a later stage of litigation.

**SO ORDERED** this 12th day of October 2018 at Hartford, Connecticut.

_____/s/_____
Michael P. Shea
United States District Judge